1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TERRIA MCKNIGHT,

                              Plaintiff,

      v.

UNITED STATES DEPARTMENT OF
EDUCATION OFFICE OF CIVIL RIGHTS,

                         Defendant.

Case No. 3:17-cv-00015-RCJ-WGC

**REPORT & RECOMMENDATION OF
U.S. MAGISTRATE JUDGE**

Before the court is Plaintiff's application to proceed in forma pauperis (IFP) (Electronic

Case Filing (ECF) No. 1) and pro se complaint (ECF No. 1-1).

## I. APPLICATION TO PROCEED IFP

A person may be granted permission to proceed in forma pauperis if the person "submits

an affidavit that includes a statement of all assets such [person] possesses [and] that the person is

unable to pay such fees or give security therefor. Such affidavit shall state the nature of the

action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C.

§ 1915; *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that this provision

applies to all actions filed in forma pauperis, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person

who is unable to prepay the fees in a civil case may apply to the court for authority to proceed

[IFP]. The application must be made on the form provided by the court and must include a

financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some

particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(quoting *Jefferson v. United States*, 277 F.2d 823, 725 (9th Cir. 1960)). A litigant need not "be

absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont De Nemours &*

*Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed in forma pauperis reveals Plaintiff cannot afford to pay the filing fee; therefore, the application should be granted.

## II. SCREENING

### A. Standard

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that...the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2)(B)(ii) when reviewing the adequacy of the complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a

legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff alleges that on August 5, 2015, she filed a complaint with the United States Department of Education's (DEO) Office of Civil Rights (OCR) alleging that the Lyon County School District denied her son a Free Appropriate Public Education (FAPE) by failing to provide her son with an aide; that her son was denied meaningful participation in the Individualized Education Program process (IEP) during the 2014-2015 school year; failed to obtain consent for an observation that was conducted; placed her son's photograph in a local newspaper without consent; and, denied her request to allow her, as a parent, to receive information about her son's IEP through e-mail. (ECF No. 1-1 at 2.) She avers that OCR responded on January 28, 2016. (*Id*.) It determined, with respect to her allegations 1-3, that those were investigated through the due process proceedings and any remedy obtained was the same that would be obtained if OCR were to find a violation, and closed allegations 1-3. (*Id*.) With respect to allegations 4-5, alleging the district failed to get consent for an observation, OCR stated that it required that complains be filed within 180 days unless a waiver is granted. (*Id*. at 3.) Plaintiff alleges she did not find out about the observation until the due process hearing and filed the complaint when discovered. (*Id*.)

On February 22, 2016, she filed a complaint with the Department of Justice, Civil Rights Division. (*Id*. at 3.) On March 1, 2016, the Department of Justice sent a notice of referral of the complaint to the Director of the OCR in Seattle, Washington. (*Id*.)

In Count I, Plaintiff alleges that OCR's decision making regarding FAPE was so opaque that constitutional due process was violated. (*Id*.) In Count 2, she alleges that OCR failed to ensure that IEP's were appropriate and that the hearing officer acted with impartiality, and those actions were deliberate because there was no clear policy in place for enforcement. (*Id*.) Count 3 asserts a violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and asserts that under FAPE standard 104.33, OCR had a duty to ensure the submitted IEP's were designed to meet her son's individual needs, and she had a right to an impartial hearing which OCR has no way of enforcing. (*Id*. at 4.) In Count 4, Plaintiff alleges a violation of the Americans with Disabilities Act (ADA), stating that OCR had a duty to undertake a fact-specific investigation to determine what constitutes a reasonable accommodation. (*Id*.) She implies that OCR did not investigate to see why the disability required the accommodation being requested. (*Id*.) In Count 5, Plaintiff alleges that on June 28, 2016, she sent an e-mail to OCR asking for reconsideration, and this was denied. (*Id*.) On July 29, 2016, OCR sent a decision that ruled against her. (*Id*.) She believes OCR's actions were the result of an email she sent to complain about how the investigation was conducted. (*Id*.) In Count 6, Plaintiff alleges that OCR failed to ensure that the district had an effective functional ADA/504 complaint process to ensure effective communication because it does not require the district to have designated ADA-504 coordinators. (*Id*. at 5.) In Count 7, she asserts violation of 42 U.S.C. § 1983, alleging that OCR denied her the right to email as a reasonable accommodation. (*Id*.)

**C. Analysis**

**1. Count 1**

Here, Plaintiff alleges that OCR's decision-making process regarding FAPE is so opaque that constitutional due process has been violated. (ECF No. 1-1 at 3.)

Preliminarily, the only defendant named is OCR. OCR is the federal agency in charge of enforcing Section 504 of the Rehabilitation Act. *See* 29 U.S.C. § 29 U.S.C. § 794(a); 28 C.F.R. § 41.5; 34 C.F.R. Pt. 104.

The United States Department of Health, Education and Welfare, which is the predecessor agency of the United States DOE, promulgated regulations for section 504, which

are currently in force as DOE regulations. *See* 34 C.F.R. § § 104.1-104.61; *Mark H. v. Lemahieu*, 513 F.3d 922, 929 (9th Cir. 2008).

The Supreme Court has held that the federal government has not waived its sovereign immunity against monetary damages for violations of section 504 of the rehabilitation act. *Lane v. Pena*, 518 U.S. 187 (1996). Therefore, Plaintiff may only proceed against the OCR insofar as she seeks injunctive relief under section 504.

Moreover, Plaintiff does not allege any facts addressing what process was specifically afforded or not afforded or how the process afforded was deficient. To the extent she is seeking injunctive relief against OCR in this regard, Plaintiff should be given leave to amend to attempt to assert a viable claim under Section 504 of the Rehabilitation Act.

**2. Counts 2 and 3**

In Count 2, Plaintiff alleges that OCR failed to ensure that the IEPs were appropriate and that the hearing officer acted with impartiality, and they do not have clear policies in place in this regard. (ECF No. 1-1 at 3.)

In Count 3, Plaintiff alleges that under 104.33, OCR had a duty to ensure that submitted IEPs were designed to meet her son's individual needs. (ECF No. 1-1 at 4.) In addition, she claims that under 104.36, she had a right to an impartial hearing and OCR has no way to enforce this. (*Id*.)

> Section 504 of the Rehabilitation Act of 1973 provides:
> No otherwise qualified individual with a disability in the United States … shall, solely by reason of her or his disability be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

29 U.S.C. § 794(a). The statute further defines "program or activity" as "all of the operations of" "a local educational agency" among other entities. 29 U.S.C. § 794(b)(2)(B). The Ninth Circuit has recognized an "implied private right of action" under section 504, "allowing victims of prohibited discrimination, exclusion, or denial of benefits, to seek 'the full panoply of remedies, including equitable relief and [compensatory] damages." Mark H., 513 F.3d at 930 (quoting *Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.3d 1103, 1107 (9th Cir. 1987)).

The implementing regulations require recipients of federal funds to "provide a free appropriate public education to each qualified handicapped person who is in the recipient's jurisdiction, regardless of the nature or severity of the person's handicap." 34 C.F.R. § 104.33(a).

First, Plaintiff may only proceed against OCR under Section 504 of the Rehabilitation Act insofar as she is seeking injunctive relief.

Second, Plaintiff discusses 104.33, which presumably refers to 34 C.F.R. § 104.33. As discussed above, this is one of section 504's implementing regulations. This regulation provides that FAPE means "the provision of regular or special education and related aids and services that (i) are designed to meet individual educational needs of handicapped persons as adequately as the needs of nonhandicapped persons are met and (ii) are based upon adherence to procedures that satisfy the requirements of § § 104.34, 104, 35 and 104.36." 34 C.F.R. § 104.33(b)(1). One means of providing FAPE is "[i]mplementation of an Individualized Education Program [IEP] developed in accordance with the Education of the Handicapped Act[1][.]" 34 C.F.R. § 104.33(b)(2). FAPE under section 504 is "defined to require a comparison between the manner in which the needs of disabled and non-disabled children are met, and focuses on the 'design' of a child's education program." *Mark H.*, 513 F.3d at 933 (9th Cir. 2008). The FAPE requirement "is not violated by a mere difference in educational outcomes or 'effects.' Rather, it is violated only if a state fails to 'design' educational plans so as to meet the needs of both disabled and nondisabled children comparably. To 'design' something to produce a certain, equal outcome involves some measure of intentionality. And an obligation to 'design' something in a certain way is not violated simply because the actual impact of the design turns out otherwise than intended." *Id*. at 936. If a plaintiff is relying on a violation of section 504's implementing regulations, the "regulations must be tightly enough linked to § 504 that they 'authoritatively construe' that statutory section, rather than impose new obligations." *Id*. at 939.

/ / /

---

[1]

This Act was changed by Congress to the Individuals with Disabilities Education Act, also known as IDEA, 20 U.S.C. § 1400 *et. seq.*

Plaintiff alleges that OCR had a duty to ensure an IEP designed to meet her son's individual needs, but does not allege *facts* that any submitted IEP was deficient in this regard.

Third, Plaintiff references 104.36, or 34 C.F.R. § 104.36, which provides:

A recipient that operates a public elementary or secondary education program or activity shall establish and implement, with respect to actions regarding the identification, evaluation, or educational placement of persons who, because of handicap, need or are believed to need special instruction or related services, a system of procedural safeguards that includes notice, an opportunity for the parent or guardian of the person to examine relevant records, an impartial hearing with opportunity for participation by the person's parents or guardian and representation by counsel, and a review procedure. Compliance with the procedural safeguards of section 615 of the Education of the Handicapped Act is one means of meeting this requirement.

34 C.F.R. § 104.36. Plaintiff repeatedly alleges that OCR had no means to enforce the hearing officer impartiality requirement, but the complaint is devoid of any factual allegations that her hearing officer was in fact not impartial.

Therefore, Counts 2 and 3 should be dismissed. Plaintiff should be given leave to amend to attempt to assert claims against OCR (for injunctive relief only) supported by *factual* allegations.

### 3. Count 4

Plaintiff references the ADA, and states that OCR had a duty to undertake a fact-specific investigation to determine what constitutes a reasonable accommodation, and that OCR's investigation was inadequate. (ECF No. 1-1 at 4.) She references her disability (and not her son's) in this count.

Insofar as Plaintiff is proceeding under Title II of the ADA in Count 4, she cannot proceed on this claim against a federal agency such as OCR. Title II of the ADA states: "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a *public entity*, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (emphasis added).  A "public entity," for purposes of Title II of the ADA includes: "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and

any commuter authority[.]" 42 U.S.C. § 12131(1). Therefore, the ADA claim should be dismissed with prejudice as to the OCR. Plaintiff may amend within the parameters of Rule 15 if she wishes to assert an ADA claim against a viable public entity. If she chooses to do so, she should be advised that any amended complaint shall include *factual* allegations supporting the following elements of an ADA claim under Title II:

(1) that she is a qualified individual with a disability; (2) she was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial or discrimination was by reason of her disability. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001) (citation omitted).

### 4. Count 5

Plaintiff asserts that she was retaliated against by OCR. Specifically, she claims that OCR's decision against her was a result of an email she sent complaining about how the previous investigation was handled. (ECF No. 1-1 at 4.)

Retaliation against a person because they made a complaint under Section 504 and its implementing regulations is prohibited. 34 C.F.R. § 100.7(e). Therefore, Plaintiff should be permitted to proceed with this claim against OCR insofar as she seeks injunctive relief.

### 5. Count 6

Here, Plaintiff alleges that OCR does not require school districts to have designated ADA/504 coordinators, denying Plaintiff of due process so that she can exhaust this remedy before filing an action in federal court. (ECF No. 1-1 at 5.)

Neither the ADA nor Section 504 require exhaustion of remedies prior to filing suit in federal court. In addition, Plaintiff alleges that OCR violated her rights because it does not require the district to have designated ADA/504 coordinators, but Section 504's implementing regulations require a recipient of federal assistance that employs fifteen or more persons to designate one person to coordinate its efforts to comply with Section 504, and adopt grievance procedures that incorporate appropriate due process standards providing for prompt resolution of complaints.

34 C.F.R. § 104.7. Therefore, the onus is on the State agency(ies), and not the OCR, to designate a Section 504 coordinator. As such, this claim should be dismissed with prejudice as to OCR.

### 6. Count 7

In Count 7, Plaintiff references a violation of 42 U.S.C. § 1983, alleging that OCR denied her the right to email as a reasonable accommodation under 300.328. (ECF No. 1-1 at 5.)

To maintain an action under Section 1983, a plaintiff must allege the conduct complained of was committed by a person acting under color of state law. *Wood v. Ostrader*, 879 F.2d 583, 587 (9th Cir. 1989). Plaintiff has only named a federal agency, the OCR, as a defendant, and no state actor. Therefore, insofar as Plaintiff is proceeding under 42 U.S.C. § 1983, her claim should be dismissed with prejudice as to OCR.

Plaintiff references 300.328, or 34 C.F.R. § 300.328, which provides:

> When conducting IEP Team meetings and placement meetings pursuant to this subpart, and subpart E of this part, and carrying out administrative matters under section 615 of the ACT 9such as scheduling, exchange of witness lists, and status conferences), the parent of a child with a disability and a public agency may agree to use alternative means of meeting participation such as video conference and conference calls.

While Plaintiff states that OCR denied her the right to email as a reasonable accommodation (ECF No. 1-1 at 5:10), she previously alleged that she apparently asked the school district to participate in the IEP meetings via e-mail, and her request was denied. (ECF No. 1-1 at 2:19-20). What Plaintiff appears to actually allege, therefore, is that OCR's reasoning for affirming the school district's decision on this issue was wrong, in that OCR relied on 34 C.F.R. § 300.324, when the applicable provision is 34 C.F.R. § 300.328. (ECF No. 1-1 at 5:11-17.)

The regulations in 34 C.F.R. § 300, *et. seq.*, govern the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq*. *See* 34 C.F.R. § 300.2(a), § 300.4. The IDEA and its procedural safeguard regulations apply to States that receive payments under IDEA, and public agencies within the State, which include educational service agencies (ESAs), State educational agencies (SEAs), and local educational agencies (LEAs), as well as private schools and facilities where children are referred to or placed in those schools by the public agency or by

their parents under § 300.148. *See* 34 C.F.R. § 300.2, § 300.33, § 300.12, § 300.28, § 300.41.

The Office of Special Education Programs is the federal agency responsible for "administering and carrying out" the IDEA, 20 U.S.C. § 1402, and provides monitoring and oversight of IDEAs implementation at the State level, 20 U.S.C. § 1416; however, SEAs, ESAs, or LEAs that receive funds under the IDEA are responsible for establishing and maintaining the procedural safeguards under IDEA, 20 U.S.C. § 1415(a). Therefore, it does not appear that a federal agency such as OCR is a proper defendant for a claim brought pursuant to IDEA. This is further supported by the language of IDEA itself, which provides that a party "aggrieved by the findings and decision" at the impartial due process hearing conducted by the State educational agency or local educational agency (as provided by State law) and applicable appeal to the State educational agency, has the right to bring a civil action. 20 U.S.C. § 1415(f)(1)(A), (g)(1), (i)(2)(A). Therefore, this count should be dismissed with prejudice as to OCR. Plaintiff should be given leave to amend to assert this claim, with supporting factual allegations, against a proper defendant.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order as follows:

(1) Plaintiff's IFP application (ECF No. 1) should be **GRANTED**;

(2) The Clerk should be directed to **FILE** the Complaint (ECF No. 1-1);

(3) Plaintiff's request for damages against OCR under Section 504 of the Rehabilitation Act should be **STRICKEN** from the Complaint;

(4) Count 1 should be **DISMISSED**; however, Plaintiff should be given leave to amend to assert a claim under Section 504 of the Rehabilitation Act for injunctive relief that is supported by *factual* allegations;

(5) Counts 2 and 3 should be **DISMISSED**; however, Plaintiff should be given leave to amend to attempt to assert claims against OCR under Section 504 of the Rehabilitation Act for injunctive relief that are supported by *factual* allegations;

(6) Count 4 should be **DISMISSED WITH PREJUDICE** as to OCR. Plaintiff should be given leave to amend to assert an ADA claim against a viable public entity defendant, but any

amendment in this regard should include *factual* allegations supporting the elements of a Title II ADA claim as set forth in this Report and Recommendation;

(7) Plaintiff should be permitted to **PROCEED** with Count 5;

(8)  Count 6 should be **DISMISSED WITH PREJUDICE** as to OCR. Plaintiff should be given leave to amend to assert this claim against a viable defendant if she chooses;

(9) Count 7 should be **DISMISSED WITH PREJUDICE** as to OCR. Plaintiff should be given leave to amend to assert a claim under the IDEA against a viable defendant.

If this Report and Recommendation is adopted, Plaintiff should be given thirty days to file an amended complaint. The amended complaint should be titled as such, and must be complete in and of itself without reference to a prior complaint. It must contain all claims, defendants and factual allegations Plaintiff wishes to pursue in this lawsuit. If Plaintiff fails to file an amended complaint curing the deficiencies in this order, the action will proceed as set forth in any order on this Report and Recommendation. If an amended complaint is filed, the undersigned will screen it and address service at that time.

Plaintiff should be aware of the following:

1. That she may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: February 13, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE