✓ FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

AUG 2 2 2017

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TERRIA MCKNIGHT et al.

    Plaintiffs,

vs.

U.S. DEPARTMENT OF EDUCATION et al.,

    Defendants.

3:17-cv-00015-RCJ-WGC

ORDER

This case arises out of alleged violations of constitutional and statutory rights. Plaintiff Terria McKnight has brought the case *in pro se* on behalf of her minor son ("the Child"). Pending before the Court is a motion to dismiss.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff attached the original Complaint to her motion to proceed *in forma pauperis*. The Complaint alleged violations of the Fifth, Eighth, and Ninth Amendments, § 504 of the Rehabilitation Act of 1973 ("RA"), and the Americans with Disabilities Act of 1990 ("ADA"). Plaintiff had filed a complaint with the Office of Civil Rights of the U.S. Department of Education ("OCR") on August 5, 2015, complaining that the Lyon County School District had failed to provide her son with a free appropriate public education ("FAPE") by failing to provide him with an aide. She also complained of the way OCR handled her case. Upon screening under

28 U.S.C. § 1915, the Magistrate Judge issued a Report and Recommendation ("the R&R") granting the application to proceed *in forma pauperis*, striking the prayer for damages under § 504, dismissing the § 504 and ADA claims with leave to amend, permitting the retaliation claim to proceed, and dismissing the remaining claims with prejudice. The Court adopted the R&R, and the Clerk filed the Complaint as instructed.

After the Magistrate Judge issued the R&R as to the original Complaint, but before the Court ruled on the R&R, Plaintiff filed an amended complaint. (*See* ECF No. 4). That pleading is stricken. There was no leave to amend while the Court was considering the R&R as to the Complaint. Immediately after the Clerk filed the Complaint, Plaintiff filed the present Amended Complaint ("AC"). (*See* ECF No. 9). The Magistrate Judge did not screen the AC, but issued a summons with the unscreened AC, not the screened Complaint, attached thereto. The Nevada Department of Education ("NDOE"), Will Jensen, and Marva Cleven (collectively, "State Defendants") have moved to dismiss the AC.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), he must also allege the facts of his case so that the court can determine whether he has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review). Put differently, *Conley* only required a plaintiff to identify a major premise (a legal theory) and conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is complete and that liability necessarily, not only possibly, follows (assuming the allegations of fact are true).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents

whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

## III. ANALYSIS

### A. Eleventh Amendment

The Court has no jurisdiction to consider the direct constitutional claims against NDOE. *See* U.S. Const. amend. XI; *Hans v. Louisiana*, 134 U.S. 1, 10–15 (1890); *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 678 (9th Cir. 1991). Section 1983 has only stripped Eleventh Amendment immunity from "person[s]," which only includes Jensen and Cleven (for monetary relief in their personal capacities and injunctive relief in their official capacities). Claims under § 504 and the ADA may be brought against a state. *See Clark v. California*, 123 F.3d 1267, 1269–70 (9th Cir. 1997) (citing 42 U.S.C. §§ 2000d-7(a)(1), 12202). The Supreme Court has clarified that the ADA strips the states' immunity only in cases where the ADA violation also constitutes an actual violation of the Fourteenth Amendment. *See United States v. Georgia*, 546 U.S. 151, 158–59 (2006). In other words, the types of claims that can be brought against a state under the ADA are limited to the kinds of Fourteenth Amendment claims that can be brought against a "person" under § 1983.

That limitation also logically applies to § 504; however, a state's receipt of federal funds under the RA constitutes a waiver of immunity from claims brought thereunder. *See Pugliese v. Dillenberg*, 346 F.3d 937, 938 (9th Cir. 2003). In summary: NDOE is immune from the first, second, and seventh claims (the direct constitutional claims); the sixth claim for "doctrine of exhaustion" is not a cause of action; and the Court has jurisdiction to consider the third through fifth claims for violation of § 504, violation of the ADA, and retaliation (presumably under the ADA), respectively.

**B.     Exhaustion**

NDOE primarily argues that Plaintiff failed to exhaust her administrative remedies, noting that because the relief sought is also available under the Individuals with Disabilities Education Act ("IDEA"), she was required to exhaust remedies available thereunder. *See Christopher S. ex rel. Rita S. v. Stanislaus Cnty. Office of Educ.*, 384 F.3d 1205, 1208–09 (9th Cir. 2004) (citing 20 U.S.C. § 1415(l)). IDEA's exhaustion provision states:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

20 U.S.C. § 1415(l). Subsection (f) requires an "impartial due process hearing" before the state or local agency at issue after a "preliminary meting." *See id.* § 1515(f)(1)(A)–(B). Subsection (g) requires an appeal to the state agency if the hearing was conducted by a local agency. *See id.* § 1415(g)(1). Although she needn't affirmatively allege it, Plaintiff does appear to allege on pages eight and nine of the AC that a hearing and state-level review were conducted. The Court cannot dismiss the relevant claims based on the affirmative defense of failure to exhaust

administrative remedies where the requirement is not jurisdictional and where the defense does not appear on the face of the AC. *See Jones v. Bock*, 549 U.S. 199, 214–15 (2007). Because § 1415(l) is not treated as jurisdictional in this Circuit, *see Payne v. Peninsula Sch. Dist.*, 653 F.3d 863, 867–71 (9th Cir. 2011) (en banc), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc), and because the AC does not admit facts indicating non-exhaustion, the Court cannot dismiss the third through fifth claims for failure to exhaust.

### C. The Merits

Plaintiff alleges the Child has been diagnosed with autism, asthma, and ADHD, and that NDOE failed to provide the Child with an aide, denied Plaintiff meaningful participation in the individualized education process during the 2014–2015 school year, failed to obtain Plaintiff's consent for an observation it conducted, placed the Child's photograph in a local newspaper without consent, and denied Plaintiff's request to receive information about the Child's individual education program via email prior to a meeting.

The Court will dismiss the claims for violations of § 504, the ADA, and retaliation under the ADA, with leave to amend. Upon amendment, Plaintiff must allege specific facts against specific Defendants indicating how they violated the various sections of the relevant statutes. NDOE is correct that the AC is too vague to put it on fair notice of their alleged wrongdoing. The Complaint appears to be based mainly on the argument that the Child has not received a FAPE, as required under 20 U.S.C. § 1411 *et seq.* That is, it appears not to be a claim under the RA or the ADA (except for the ADA retaliation claim, which is directed to OCR, not State Defendants), but under IDEA.

///

///

## CONCLUSION

IT IS HEREBY ORDERED that the Amended Complaint (ECF No. 4) is STRICKEN.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 19) is GRANTED as to the Nevada Department of Education, Will Jensen, and Marva Cleven, with leave to amend in part within twenty-eight (28) days.

IT IS FURTHER ORDERED that the sixth cause of action is DISMISSED as against all Defendants, and any claims under 42 U.S.C. § 1983 are DISMISSED as against the Nevada Department of Education, without leave to amend. *See* 28 U.S.C. § 1915(e)(2).

IT IS FURTHER ORDERED that the Motion to Add More Definitive Statement (ECF No. 29) is GRANTED. Lyon County is DISMISSED as a Defendant.

IT IS SO ORDERED.

Dated this ___ day of August, 2017.

_____
ROBERT C. JONES
United States District Judge