# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TERRIA MCKNIGHT et al.,

    Plaintiffs,

vs.

SEATTLE OFFICE OF CIVIL RIGHTS et al.,

    Defendants.

3:17-cv-00015-RCJ-WGC

**ORDER**

This case arises out of a school district's alleged failure to properly accommodate a disabled child. Plaintiff Terria McKnight has brought the case *in pro se* on behalf of her minor child ("the Child"). Pending before the Court are three motions to dismiss and two motions to amend.

**I. FACTS AND PROCEDURAL HISTORY**

Plaintiff attached the original Complaint to her motion to proceed *in forma pauperis*. The Complaint alleged violations of the Fifth, Eighth, and Ninth Amendments, § 504 of the Rehabilitation Act of 1973 ("RA"), and the Americans with Disabilities Act of 1990 ("ADA"). Plaintiff had filed a complaint with the U.S. Department of Education, Office for Civil Rights ("OCR") on August 5, 2015, complaining that the Lyon County School District ("LCSD") had failed to provide her son with a free appropriate public education ("FAPE") by failing to provide

him with an aide.  She also complained of the way OCR handled her case.  Upon screening under 28 U.S.C. § 1915, the Magistrate Judge issued a Report and Recommendation ("R&R") to grant the application to proceed *in forma pauperis*, strike the prayer for damages against OCR under § 504, dismiss the § 504 and ADA claims with leave to amend, permit the retaliation claim to proceed, and dismiss the remaining claims with prejudice.  The Court adopted the R&R, and the Clerk filed the Complaint.

After the Magistrate Judge issued the R&R, but before the Court ruled on it, Plaintiff filed an amended complaint.  The Court struck that pleading because there was no leave to file it.  Immediately after the Clerk filed the Complaint, Plaintiff filed a new Amended Complaint ("AC") as of right.  The Magistrate Judge did not screen the AC and issued a summons with the unscreened AC attached thereto.  The Nevada Department of Education ("NDOE"), Will Jensen, and Marva Cleven moved to dismiss the AC.  The Court granted the motion, with leave to amend in part.  The Court dismissed the sixth cause of action (titled "doctrine of exhaustion") as against all Defendants and dismissed any claims under 42 U.S.C. § 1983 as against NDOE, without leave to amend.  The Court dismissed Lyon County as a Defendant in accordance with Plaintiff's separately filed clarification.

Plaintiff filed the Third Amended Complaint ("TAC"), listing three claims (§ 504 of the ADA, Title II of the ADA, and retaliation) against "Seattle Office of Civil Rights," Linda Mangel, Tania Lopez, Paul Goodwin, Monique Malson, Caitlin Burks, Monique Malson (collectively, "Federal Defendants"), and NDOE.  Mangel, Lopez, Goodwin, Burks, and Malson are attorneys for OCR, which Plaintiff refers to as "Seattle Office of Civil Rights."  Federal Defendants have moved to dismiss based on sovereign immunity, improper service of process, and failure to state a claim.  NDOE has separately moved to dismiss for failure to state a claim.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), he must also allege the facts of his case so that the court

can determine whether he has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review). Put differently, *Conley* only required a plaintiff to identify a major premise (a legal theory) and conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is complete and that liability necessarily, not only possibly, follows (assuming the allegations of fact are true).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III.   ANALYSIS

#### A.   Federal Defendants

The Court agrees that Plaintiff has identified no waiver of sovereign immunity, and without one the United States and its employees are immune from suit. *See FDIC v. Meyer*, 510

U.S. 471, 475 (1994); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). In response, Plaintiff invokes the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. § 1346(b) (creating jurisdiction in the district court for civil claims arising out of the negligence of a federal employee causing injury, death, or loss of property). But Plaintiff has pled no such injury. She has complained of dissatisfaction with administrative investigation and enforcement. The allegedly wrongful failure to enforce a statute or regulation does not constitute injury or loss of property under the FTCA. And claims that OCR did not properly enforce § 504 or related laws are not subject to district court review under the Administrative Procedure Act ("APA"). *See Pudlin v. OCR*, 186 F. Supp. 3d 288, 293 (S.D.N.Y. 2016). Enforcement decisions are exempt from APA review. *Heckler v. Chaney*, 470 U.S. 821, 838 (1985) (holding that agency refusals to institute investigative or enforcement proceedings is within the discretionary exception to 5 U.S.C. § 701(a)(2)). Federal Defendants are entitled to dismissal for lack of jurisdiction based on sovereign immunity.

**B.     NDOE**

**1.     § 504**

The Individuals with Disabilities Education Act ("IDEA") creates a cause of action permitting a disabled student to sue for appropriate relief, i.e., the provision of a Free Appropriate Public Education ("FAPE"), but it does not provide for money damages. *Mark H. v. Lemahieu*, 513 F.3d 922, 929 (9th Cir. 2008). Plaintiff notes that she eventually prevailed with NDOE as to the provision of a FAPE that satisfies her requests, (Third Am. Compl. 3:4), but she seeks money damages for the denial of a FAPE between 2015 and 2017, (*id.* 7:18–22). Unlike IDEA, § 504 of the RA does not focus on the provision of FAPEs to disabled children but more broadly addresses state services to disabled individuals. *Mark H.*, 513 F.3d at 929 (citing 29

U.S.C. § 794). The U.S. Department of Education has promulgated regulations interpreting § 504 to require a FAPE, albeit under somewhat different standards than the FAPE required by IDEA, and the Court of Appeals has interpreted § 504 to create an implied private cause of action for compensatory (but not punitive) damages. *Id.* at 930. A FAPE that satisfies IDEA necessarily satisfies § 504, but not vice versa. *Id.* at 933.

In summary, there is a potential claim for compensatory damages against NDOE under § 504 if NDOE failed to comply with § 504 between July 29, 2015 (when Plaintiff first contacted NDOE about the issue) and February 15, 2017 (when Plaintiff received a favorable ruling). (*See* Third Am. Compl. 1:27–28, 3:4). Yet a violation of a regulation promulgated under § 504 is not necessarily a violation of § 504 itself. Whether there is an implied right of action to enforce *regulations* promulgated under § 504 depends on "whether those regulations come within the § 504 implied right of action." *Mark H.*, 513 F.3d at 935. "[R]egulations can only be enforced through the private right of action contained in a statute when they 'authoritatively construe' the statute; regulations that go beyond a construction of the statute's prohibitions and impose new obligations beyond what the statute requires do not fall within the implied private right of action, even if valid." *Id.* at 935, 939 (quoting *Alexander v. Sandoval*, 532 U.S. 275, 284 (2001)). Section 504's required mens rea of intentional discrimination or deliberate indifference is a separate question. *Id.* at 938.

As in *Mark H.*, Plaintiff has not yet identified which FAPE-related regulations under § 504 she believes NDOE violated and how. *See id.* at 939. Because Plaintiff is proceeding *in pro se*, the Court will give her one more opportunity to amend. She must identify which FAPE requirements under § 504 or related regulations she believes NDOE violated and how. For clarity, the amendment should be free of allegations against Federal Defendants.

### 2. ADA Discrimination

Plaintiff alleges she has bipolar disorder and ADHD and that the Child has been diagnosed with autism, asthma, ADHD, and social communication disorder. Title II of the ADA applies to state governments, *see* 42 U.S.C. § 12131, and provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity," *Fortyune v. City of Lomita*, 766 F.3d 1098, 1101 (9th Cir. 2014) (quoting *id.* § 12132). Plaintiff does not allege that she or the Child were unable to attend proceedings due to NDOE's failure to accommodate her or the Child's disabilities. She appears to base the ADA claim on the fact that the Child was not appropriately accommodated under the standards of the ADA itself. The standards for accommodation by a public school system under the ADA are not coextensive with the FAPE requirements under IDEA or § 504. *K.M. ex rel. Bright v. Tustin Unified Sch. Dist.*, 725 F.3d 1088, 1100 (9th Cir. 2013). For example, the ADA gives primary consideration to the disabled person's requests but also provides additional defenses to public entities. *Id.* at 1100–01.

More importantly here, the ADA has only validly abrogated the states' Eleventh Amendment immunity as to actions that actually violate the Fourteenth Amendment. *United States v. Georgia*, 546 U.S. 151, 158–59 (2006). That limitation is implicated here, because NDOE is an administrative arm of the State of Nevada, not a municipality. To state an ADA claim against NDOE, Plaintiff must allege not only that NDOE's conduct violated the ADA, but also that it violated the Fourteenth Amendment. Plaintiff has not yet pled facts indicating any Fourteenth Amendment violations, but the Court will give Plaintiff one more chance to amend. Upon amendment, the Court reminds Plaintiff to omit allegations against Federal Defendants.

### 3. ADA Retaliation

Finally, Plaintiff brings a retaliation claim under the ADA. This claim fails because Plaintiff alleges that she has obtained the desired outcome, and ADA retaliation claims include no damages remedy. *See Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1264–70 (9th Cir. 2009) (citing 42 U.S.C. § 12203(c) (citing *id.* §§ 12117, 12133, 12188) (citing *id.* §§ 2000e-4 to 2000e-9))). The Court dismisses this claim, without leave to amend.

### 4. Amendment

Plaintiff has asked to add Lyon County School District ("LCSD") as a defendant. LCSD has opposed the motion, noting that Plaintiff has not attached a proposed amended pleading, as required by Local Rule 15.1, and that she recently clarified that she did not intend to sue Lyon County or LCSD after the Clerk warned that it intended to dismiss Lyon County under Rule 4(m). Due to Plaintiff's *pro se* status, the Court will give leave to amend. She must include her amendments in the fourth amended complaint. In fairness, however, the Court will screen the fourth amended complaint under 28 U.S.C. § 1915 upon any Defendant's request in order to ameliorate the additional litigation costs upon Defendants caused by the Court's indulgence.

Plaintiff has also filed a "Motion to Add Clarifying Information," which is essentially a motion to amend. The Court denies the motion as moot given its resolution of the present motions to dismiss and its leave to amend (in part). Plaintiff may include clarifying information insofar as it is relevant to the claims she has leave to amend.

In summary, Plaintiff may add LCSD as a Defendant in the fourth amended complaint, which may only contain claims against NDOE and/or LCSD, as applicable, under: (1) § 504 of the Rehabilitation Act (29 U.S.C. § 794) and applicable regulations; and (2) discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12132, and applicable regulations.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 32) is DENIED as moot, and the Motion to Dismiss (ECF No. 35) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 41) is GRANTED, with leave to amend the claim under § 504 of the Rehabilitation Act and the ADA discrimination claim against the Nevada Department of Education and/or Lyon County School District. The fourth amended complaint is due within twenty-eight (28) days.

IT IS FURTHER ORDERED that the Motion to Amend (ECF No. 36) is GRANTED, and the Motion to Amend (ECF No. 39) is DENIED as moot.

IT IS SO ORDERED.

Dated January 16, 2018.

_____
ROBERT C. JONES
United States District Judge