# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TERRIA MCKNIGHT et al.<br><br>Plaintiffs,<br><br>vs.<br><br>SEATTLE OFFICE OF CIVIL RIGHTS et al.,<br><br>Defendants. | 3:17-cv-00015-RCJ-WGC<br><br>ORDER |

This case arises out of a school district's alleged failure to properly accommodate a disabled child. Pending before the Court is a motion to reconsider the Court's denial of a motion for clarification. Plaintiff Terria McKnight attached the original Complaint to her motion to proceed *in forma pauperis*. The Complaint alleged violations of the Fifth, Eighth, and Ninth Amendments, § 504 of the Rehabilitation Act of 1973, and the Americans with Disabilities Act of 1990 ("ADA"). Plaintiff had filed a complaint with the U.S. Department of Education, Office for Civil Rights ("OCR") on August 5, 2015, complaining that the Lyon County School District ("LCSD") had failed to provide her son with a free appropriate public education ("FAPE") by failing to provide him with an aide. She also complained of the way OCR handled her case. Upon screening under 28 U.S.C. § 1915, the Magistrate Judge issued a Report and Recommendation ("R&R") to grant the application to proceed *in forma pauperis*, strike the

prayer for damages against OCR under § 504, dismiss the § 504 and ADA claims with leave to amend, permit the retaliation claim to proceed, and dismiss the remaining claims with prejudice. The Court adopted the R&R, and the Clerk filed the Complaint.

After the Magistrate Judge issued the R&R, but before the Court ruled on it, Plaintiff filed an amended complaint. The Court struck that pleading because there was no leave to file it. Immediately after the Clerk filed the Complaint pursuant to the screening order, Plaintiff filed a new Amended Complaint ("AC") as of right. The Magistrate Judge did not screen the AC and issued a summons with the unscreened AC attached thereto. The Nevada Department of Education ("NDOE"), Will Jensen, and Marva Cleven moved to dismiss the AC. The Court granted the motion, with leave to amend in part. The Court dismissed the sixth cause of action (titled "doctrine of exhaustion") as against all Defendants and dismissed any claims under 42 U.S.C. § 1983 as against NDOE, without leave to amend. The Court dismissed Lyon County as a Defendant in accordance with Plaintiff's separately filed clarification.

Plaintiff filed the Third Amended Complaint ("TAC"), listing three claims (§ 504 of the ADA, Title II of the ADA, and retaliation) against "Seattle Office of Civil Rights," Linda Mangel, Tania Lopez, Paul Goodwin, Monique Malson, Caitlin Burks, Monique Malson (collectively, "Federal Defendants"), and NDOE. Mangel, Lopez, Goodwin, Burks, and Malson are attorneys for OCR, which Plaintiff refers to as "Seattle Office of Civil Rights." Federal Defendants moved to dismiss based on sovereign immunity, improper service of process, and failure to state a claim, and NDOE separately moved to dismiss for failure to state a claim. The Court dismissed as against Federal Defendants based on sovereign immunity and dismissed the claims against the remaining Defendant, with leave to amend the claim under § 504 and the ADA discrimination claim against NDOE and/or LCSD. Plaintiff filed the Fourth Amended

Complaint ("4AC"), and the Court screened it under § 1915, permitting the ADA discrimination claim to proceed, but dismissing the claim under § 504. The remaining Defendant, LCSD, answered.

Plaintiff asked the Court to clarify its latest order. She did not ask the Court to clarify the effect of the order or the procedural posture of the case but to answer a list of factual and legal questions. The Court denied the motion because addressing Plaintiff's questions would have constituted an advisory opinion, *see* U.S. Const. art. III, § 2, cl. 1; *Flast v. Cohen*, 392 U.S. 83, 96 & n.14 (1968), and undermined the Court's role as an impartial adjudicator, *see Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007); *Jacobsen v. Filler*, 790 F.2d 1362, 1364–65 & nn.5, 7 (9th Cir. 1986).

Plaintiff appears to ask the Court to reconsider dismissal of the § 504 claim. Plaintiff identifies no basis to reconsider, but simply reargues the claim, and the motion is untimely. The motion is properly considered under Rule 59, not Rule 60, because no basis for reconsideration under the latter rule is argued. The Court dismissed the § 504 claim without leave to amend on March 27, 2018, and the present motion was filed 92 days later. *See* Fed. R. Civ. P. 59(e) (imposing a 28-day period to request reconsideration).

## CONCLUSION

IT IS HEREBY ORDERED that Motion to Reconsider (ECF No. 63) is DENIED.

IT IS SO ORDERED.

Dated this 24th day of July, 2018.

```
                              ROBERT C. JONES
                              United States District Judge
```