**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|   |   |
|---|---|
| TERRIA MCKNIGHT,<br><br>    Plaintiff,<br><br>vs.<br><br>LYON COUNTY SCHOOL DISTRICT,<br><br>    Defendant. | 3:17-cv-00015-RCJ-WGC<br><br>**ORDER** |

This case arises out of a school district's alleged failure to properly accommodate a child with a learning disability. Pending before the Court is a motion for summary judgment.

**I.     FACTS AND PROCEDURAL HISTORY**

Plaintiff Terria McKnight's original Complaint alleged violations of the Fifth, Eighth, and Ninth Amendments, § 504 of the Rehabilitation Act of 1973, and the Americans with Disabilities Act of 1990 ("ADA"). Plaintiff had filed a complaint with the U.S. Department of Education, Office for Civil Rights ("OCR") on August 5, 2015, complaining that the Lyon County School District ("LCSD") had failed to provide her son with a free appropriate public education ("FAPE") by failing to provide him with an aide. She also complained of the way OCR handled her case. Upon screening under 28 U.S.C. § 1915, the Magistrate Judge issued a Report and Recommendation ("R&R") to grant the application to proceed *in forma pauperis*,

strike the prayer for damages against OCR under § 504, dismiss the § 504 and ADA claims with leave to amend, permit the retaliation claim to proceed, and dismiss the remaining claims with prejudice. The Court adopted the R&R.

After the Magistrate Judge issued the R&R, but before the Court ruled, Plaintiff filed an amended complaint. The Court struck that pleading because there was no leave to file it. Immediately after the Clerk filed the Complaint pursuant to the screening order, Plaintiff filed a new Amended Complaint ("AC") as of right. The Nevada Department of Education ("NDOE"), Will Jensen, and Marva Cleven moved to dismiss the AC. The Court granted the motion, with leave to amend in part. The Court dismissed the sixth cause of action (titled "doctrine of exhaustion") as against all Defendants and dismissed any claims under 42 U.S.C. § 1983 as against NDOE, without leave to amend. The Court dismissed Lyon County as a Defendant in accordance with Plaintiff's separately filed clarification.

Plaintiff filed the Third Amended Complaint ("TAC"), listing three claims (§ 504 of the ADA, Title II of the ADA, and retaliation) against "Seattle Office of Civil Rights," Linda Mangel, Tania Lopez, Paul Goodwin, Monique Malson, Caitlin Burks, Monique Malson (collectively, "Federal Defendants"), and NDOE. Mangel, Lopez, Goodwin, Burks, and Malson are attorneys for OCR, which Plaintiff refers to as "Seattle Office of Civil Rights." Federal Defendants moved to dismiss based on sovereign immunity, improper service of process, and failure to state a claim. NDOE separately moved to dismiss for failure to state a claim. The Court dismissed as against Federal Defendants based on sovereign immunity and dismissed the claims against NDOE, with leave to amend the claim under § 504 and the ADA discrimination claim against NDOE and/or LCSD.

Plaintiff filed the Fourth Amended Complaint ("4AC"), and the Court screened it under § 1915, permitting the ADA discrimination claim to proceed, but dismissing the claim under § 504. The remaining Defendant, LCSD, answered the ADA claim. Plaintiff asked the Court to clarify. She did not ask the Court to clarify the effect of the order or the procedural posture of the case but to answer a list of factual and legal questions. The Court denied the motion because addressing Plaintiff's questions would have constituted an advisory opinion and undermined the Court's impartial role. Plaintiff then asked the Court to reconsider dismissal of the § 504 claim, and the Court denied the motion as untimely. LCSD has moved for summary judgment against the remaining claim under the ADA.

## II.     LEGAL STANDARDS

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court uses a burden-shifting scheme. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or

defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24.

If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249–50. Notably, facts are only viewed in the light most favorable to the nonmoving party where there is

a genuine dispute about those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). That is, even if the underlying claim contains a reasonableness test, where a party's evidence is so clearly contradicted by the record as a whole that no reasonable jury could believe it, "a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

## III. ANALYSIS

LCSD notes that Plaintiff's ADA claim is based on the alleged discrimination against her son by failure to provide him a FAPE, specifically, failure to provide him with audiobooks or a professional assistant rather than giving him help by reading with other children. LCSD first argues that Plaintiff failed to exhaust administrative remedies, which is a requirement under § 1415(l) when the crux of the complaint is failure to provide a FAPE, no matter what statute is invoked. *Fry v. Napolean Cnty. Sch. Dist.*, 137 S. Ct. 743, 754 (2017). In other words, if administrative remedies under § 1415(l) were not exhausted, the action may not proceed on a failure-to-provide-a-FAPE theory, even under the ADA. LCSD admits there have been three due process hearings but notes that none of those hearings involved any claim that a FAPE had been denied via the use of students to help Plaintiff's son read instead of audiobooks or professional assistants.

The Court declines to engage in a complex analysis of whether the ADA claim has been exhausted under § 1415(l), because the claim fails on the merits. LCSD has adduced evidence negating the allegation that Plaintiff's son was denied the benefits of LCSD with respect to his reading development. During the 40-minute period after the lunch recess at issue, Plaintiff's son was given reading instruction (as were other children) by being allowed to read silently, listen to audiobooks, or read aloud with other students, until Plaintiff requested that her son not be permitted to read aloud with other students, (Petersen Aff., ECF No. 67-4), at which point

a genuine dispute about those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). That is, even if the underlying claim contains a reasonableness test, where a party's evidence is so clearly contradicted by the record as a whole that no reasonable jury could believe it, "a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

## III. ANALYSIS

LCSD notes that Plaintiff's ADA claim is based on the alleged discrimination against her son by failure to provide him a FAPE, specifically, failure to provide him with audiobooks or a professional assistant rather than giving him help by reading with other children. LCSD first argues that Plaintiff failed to exhaust administrative remedies, which is a requirement under § 1415(l) when the crux of the complaint is failure to provide a FAPE, no matter what statute is invoked. *Fry v. Napolean Cnty. Sch. Dist.*, 137 S. Ct. 743, 754 (2017). In other words, if administrative remedies under § 1415(l) were not exhausted, the action may not proceed on a failure-to-provide-a-FAPE theory, even under the ADA. LCSD admits there have been three due process hearings but notes that none of those hearings involved any claim that a FAPE had been denied via the use of students to help Plaintiff's son read instead of audiobooks or professional assistants.

The Court declines to engage in a complex analysis of whether the ADA claim has been exhausted under § 1415(l), because the claim fails on the merits. LCSD has adduced evidence negating the allegation that Plaintiff's son was denied the benefits of LCSD with respect to his reading development. During the 40-minute period after the lunch recess at issue, Plaintiff's son was given reading instruction (as were other children) by being allowed to read silently, listen to audiobooks, or read aloud with other students, until Plaintiff requested that her son not be permitted to read aloud with other students, (Petersen Aff., ECF No. 67-4), at which point

Plaintiff's son was no longer permitted to read aloud with other students but would work with his special education teacher or listen to audiobooks during this time, (Berrington Aff., ECF No. 67-5). The student's reading skill eventually progressed from the 57 percentile nationally in third grade to the 84 percentile nationally in sixth grade. (Cleven Aff., ECF No. 67-2; MAP Report, ECF No. 67-6).

In opposition, Plaintiff adduces no contrary evidence—not even her own declaration—but argues that the MAP scores are not as pertinent as Nevada state standards and that her son ultimately failed Nevada's SBAC test. But even assuming Plaintiff had adduced evidence to support these claims, in reply, LCSD notes that although Plaintiff's son scored only 2400 of 2432 points needed for English proficiency on his third-grade SBAC test, there is no evidence LCSD's program of instruction has hindered his reading progress, and the evidence is in fact to the contrary. That is, by the time of his fifth-grade SBAC test, he scored "proficient" in English and in fact scored above the school, district, and state averages. (SBAC Reports, ECF Nos. 70-7 to 70-8). The Court finds there is no genuine issue of material fact as to whether Plaintiff's son was denied the benefits of LCSD's educational resources.

## CONCLUSION

IT IS HEREBY ORDERED that Motion for Summary Judgment (ECF No. 67) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated This 24th day of April, 2019.

_____
ROBERT C. JONES
United States District Judge